Jimmie Kyle Pittman was convicted for the misdemeanor offense of the unlawful possession of marijuana for personal use, fined $500, and sentenced to one year's unsupervised probation. Two issues are raised on this appeal from that conviction.
 I
Pittman argued, in effect, that the seizure of the marijuana was tainted by the unlawful arrest of Andrew L. Robinett and the unlawful seizure and search of Robinett's automobile.
At approximately 6:40 on the morning of October 5, 1988, Alabama State Trooper Byron Merritt observed the car driven by Robinett traveling approximately 70 m.p.h. in a 55 m.p.h. speed zone. Pittman was a passenger in Robinett's car.
The trooper turned on his blue light in an attempt to stop the car. Robinett drove into a truck stop and pulled up to a fuel pump. Robinett exited his car, walked toward the trooper with his driver's license in hand, and said, "Well, you've got me." Trooper Merritt informed Robinett that he had been stopped for speeding. Robinett complied with the trooper's request and got into the patrol car. The trooper then obtained the information necessary to complete the Uniform Traffic Ticket and Complaint. At some point, before being questioned about any marijuana, Robinett was told he was under arrest for speeding.
While Merritt was writing the ticket he "smelled the odor of what [he] believed to be that of burning or burned marijuana on or about Mr. Robinett's person." The trooper asked Robinett if he had been smoking marijuana. Robinett replied, "Well, yeah, we had a joint on the way to work this morning."
At this time, Trooper Merritt informed Robinett of hisMiranda rights and then completed the UTTC. While Merritt was completing the ticket, Robinett asked if he was under arrest and the trooper told him that he had not been charged with any drug offense. Trooper Merritt testified:
 "Mr. Robinett said, look, I've got five marijuana cigarettes up in the car. I'll give them to you. I've been busted. I have been arrested before. I can't take another bust. Just let me just give it to you, and let's forget this thing, and just *Page 585 
let me go, and I'll take my speeding ticket and go on."
* * * * * *
 "I told him to let me finish the U.T.T.C. and then I wanted to look in his car and see where we stood at that point."
On two occasions while the trooper was completing the ticket, Robinett attempted to exit the patrol car but was restrained and ordered to remain in the car.
While the trooper and Robinett were in the patrol car, Pittman put gasoline into Robinett's car, paid for the gasoline inside the truck stop, and returned to the car.
Trooper Merritt told Robinett that he was going to search his car and told Robinett to remain in the patrol car. Despite this, Robinett got out and went to his own car, reached under the armrest and removed a shiny object, which was later discovered to contain 6 marijuana cigarettes. Robinett also placed a foil package in his mouth and swallowed it. During this time, the trooper had drawn his weapon. Trooper Merritt, over Robinett's resistance, handcuffed Robinett and placed him in the patrol car. The trooper then searched Robinett's car and found a pipe in the armrest of the left door. In the ashtray he found 20 marijuana cigarette butts and a "clip." Trooper Merritt then told Robinett he was under arrest for possession of marijuana, resisting arrest, and speeding. The trooper also arrested Pittman for possession of marijuana.
Robinett paid his speeding ticket. In district court, he was found not guilty of resisting arrest based upon the judge's belief that Robinett's arrest for speeding was unlawful under Alabama Code 1975, § 32-1-4(a).
Pittman argues that Robinett's detention for speeding was unlawful because a custodial arrest may not be made for the traffic offense of speeding. Although Alabama Code 1975, §32-1-4, generally forbids police officers from taking persons charged with the violation of minor traffic offenses into the type of custody traditionally associated with a felony arrest,Hays v. City of Jacksonville, 518 So.2d 892 (Ala.Cr.App. 1987), it does not prohibit the temporary detention or "traffic arrest" of individuals for minor traffic offenses. Daniels v.State, 416 So.2d 760, 765 (Ala.Cr.App. 1982).
"Traffic arrests" are "more analogous" to the brief investigative detention authorized by Terry v. Ohio,392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Berkemer v. McCarty,468 U.S. 420, 437-39, 104 S.Ct. 3138, 3148-49, 82 L.Ed.2d 317
(1984). See also State v. Betterton, 527 So.2d 743 (Ala.Cr.App. 1986), affirmed, Ex parte Betterton, 527 So.2d 747 (Ala. 1988). "[T]he stopping of a motorist by a police officer for a traffic offense does not constitute an [traditional, custodial] arrest." Sly v. State, 387 So.2d 913, 916 (Ala.Cr.App.), Exparte Sly, 387 So.2d 917 (Ala. 1980).
Merely requiring a motorist to sit in a patrol car while the officer completes the Uniform Traffic Ticket and Complaint does not constitute a custodial arrest. United States v. Parr,843 F.2d 1228, 1229-1231 (9th Cir. 1988). Because Trooper Merritt was justified in stopping Robinett for a traffic violation and in detaining him while he completed the UTTC, the officer was justified in using the reasonable force necessary to keep Robinett detained until the officer had completed the UTTC.Walker v. City of Mobile, 508 So.2d 1209, 1212 (Ala.Cr.App. 1987).
In Walker, 508 So.2d at 1213, this Court held that "[a] person resisting an investigatory stop is not guilty of resisting arrest" because an investigatory stop is not an arrest. However, a motorist may be properly and lawfully arrested for the violation of a traffic offense. "An officer may arrest any person . . . for . . . any public offense committed . . . in his presence." Alabama Code 1975, §15-10-3(1). Section 32-1-4 does not prohibit the arrest of the traffic offender. It merely provides that, with certain exceptions, that offender shall be subjected only to limited detention or custody. "Whenever any person is arrested for a violation of any provision of this title punishable as a misdemeanor, the arresting officer shall, . . . issue a summons. . . . [and] shall thereupon and upon *Page 586 
the giving by such person of a sufficient written bond, approved by the arresting officer, to appear at such time and place, forthwith release him from custody." Alabama Code 1975, § 32-1-4(a) (emphasis added).
Here, Robinett was properly arrested for speeding and was properly detained and placed in custody while Trooper Merritt was writing the traffic ticket. Contrary to the finding of the district court, Robinett could have been found guilty of resisting arrest by his efforts to exit the patrol car while the trooper was writing the ticket.
Once the trooper smelled the odor of marijuana on Robinett's person, he was justified in asking him if he had been smoking marijuana without having advised Robinett of hisMiranda rights.
 "Under the Fourth Amendment, we have held, a policeman who lacks probable cause but whose 'observations lead him reasonably to suspect' that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to 'investigate the circumstances that provoke suspicion.' United States v. Brignoni-Ponce, 422 U.S. 873, 881, 95 S.Ct. 2574, 2580, 45 L.Ed.2d 607 (1975). '[T]he stop and inquiry must be "reasonably related in scope to the justification for their initiation." ' Ibid. (quoting Terry v. Ohio, supra, 392 U.S., at 29, 88 S.Ct., at 1884.) Typically, this means that the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions. But the detainee is not obliged to respond. And, unless the detainee's answers provide the officer with probable cause to arrest him, he must then be released." McCarty, 468 U.S. at 439-440, 104 S.Ct. [at] 3150. (Footnotes omitted.)
See also State v. Wilson, 529 So.2d 1061, 1063 (Ala.Cr.App. 1988); McBride v. State, 355 So.2d 750, 752 (Ala.Cr.App. 1978).
Once the trooper smelled the marijuana and Robinett admitted that he had smoked a "joint" on the way to work that morning and that there was marijuana in the vehicle, the trooper had probable cause to believe that Robinett had committed a felony, to place Robinett in custody for further investigation, and to search the vehicle. Betterton, 527 So.2d at 745-46; Richardsonv. City of Trussville, 492 So.2d 625, 627-28 (Ala.Cr.App. 1985). Although Alabama Code 1975, § 32-1-4(a), generally prohibits the custodial arrest of a traffic offender, that provision does "not apply . . . to any person whom the arresting officer shall have good cause to believe has committed any felony, . . ." § 32-1-4(b).
These same facts also provided Trooper Merritt with probable cause to search the automobile. "Police who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed within the car may make a probing search of compartments and containers [within the car].United States v. Ross, 456 U.S. 798, 800, 102 S.Ct. 2157, 2160,72 L.Ed.2d 572 (1982)." Parr, 843 F.2d at 1232.
For these reasons, we find that the initial stopping and detention of Robinett, and the search of Robinett and his car, were lawful, justified, and proper.
 II
Our review of the record convinces this Court that the evidence is sufficient to sustain Pittman's conviction for the offense of possession of marijuana for personal use.
Pittman was discovered sitting in an automobile wherein marijuana was found. Trooper Merritt testified that he "smelled the odor of . . . burning or burned marijuana on or about Mr. Robinett's person." Robinett told the trooper, "[W]e had a joint on the way to work this morning." Trooper Merritt stated that the marijuana "was just as available to Mr. Pittman as it was to Mr. Robinett," and that "[a]fter I had advised Mr. Pittman of his constitutional rights, I asked [Pittman] had he smoked any marijuana, and he told me that he had." *Page 587 
"[T]he mere presence of a defendant in an automobile containing contraband is not sufficient in and of itself to support a conviction for possession of a controlled substance. . . . The State must introduce additional evidence from which the defendant's unlawful possession of the contraband could be inferred in order to support a conviction." Ex parte Story,435 So.2d 1365, 1366 (Ala. 1983). See also Robinette v. State,531 So.2d 682 (Ala.Cr.App. 1987), reversed on other grounds,531 So.2d 697 (Ala. 1988). In this case, those additional circumstances are the incriminating statement made by Pittman, his proximity to the marijuana found in the automobile, the quantity of marijuana found, and the fact that Pittman exercised some control over the automobile. See Annot., 57 A.L.R.3d 1319 (1974). These circumstances incriminate Pittman and corroborate the testimony of his accomplice Robinett.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.