In October 1994, the State of Alabama sued Jason Patrick Gilbert for condemnation of Gilbert's 1987 Chevrolet S-10 truck. The State alleged that Gilbert had used the truck "to transport or facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance, to-wit marijuana," and therefore that the truck was subject to forfeiture pursuant to Ala. Code 1975, § 20-2-93. The trial court ordered the vehicle forfeited *Page 267 
to the State. Gilbert argues on appeal that the trial court erred in ordering the vehicle forfeited.
Gilbert first argues that the search of his vehicle was unconstitutional, and, therefore, that the forfeiture of his vehicle was invalid. Officers from the Houston County sheriffs office pursued Gilbert after observing him speeding and running a stop sign. The officers had to pursue Gilbert before he stopped his vehicle. After approaching Gilbert's vehicle, an officer noticed a gallon jug of red liquid on the seat next to Gilbert, which the officer testified he believed was "mushroom tea." The officer further testified that mushroom tea is a hallucinogenic substance that contains controlled substances. After seeing the liquid, the officer searched the vehicle and discovered weight scales and plastic bags containing marijuana.
Because Gilbert had committed the traffic violations of speeding and running the stop sign, the officers had the right to stop him. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889 (1968). We further conclude that the warrantless search of the vehicle and the seizure of what the officer believed to be marijuana was permissible, as coming within the "plain view exception" to the Fourth Amendment's search warrant requirement.
 "The plain view doctrine authorizes the warrantless seizure of personal property where the initial intrusion which affords the officers a plain view is lawful, the discovery of the property is inadvertent, and the incriminating nature of the property is 'immediately apparent.' "
Williams v. State, 527 So.2d 764, 770 (Ala.Cr.App. 1987) (citations omitted). In 1990, the United States Supreme Court removed the inadvertent requirement for a plain view search.Horton v. California, 496 U.S. 128, 110 S.Ct. 2301,110 L.Ed.2d 112 (1990). The initial stop of Gilbert was a lawful "Terry
stop." Also, the officer immediately recognized that the substance appeared to be mushroom tea. Because the officers found incriminating evidence in the truck, the further search of the truck, which resulted in the discovery and seizure of the marijuana, was constitutional. See Sheffield v. State,606 So.2d 183 (Ala.Cr.App. 1992).
Gilbert next argues that, aside from any alleged error regarding the search, the trial court erred in ordering the vehicle forfeited. Ala. Code 1975, § 20-2-93, states in pertinent part:
"(a) The following are subject to forfeiture:
 "(1) All controlled substances which have been grown, manufactured, distributed, dispensed or acquired in violation of any law of this state;
". . . .
 "(5) All conveyances, including aircraft, vehicles, or vessels, or agricultural machinery, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of any property described in subdivision (1) or (2) of this subsection."
It is undisputed that Gilbert was transporting the marijuana for his personal use and possession. That fact is sufficient for the trial court to order the forfeiture of Gilbert's vehicle pursuant to § 20-2-93. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.