The evidence is undisputed that controlled substances were found in Kelley's car. Kelley was charged with possession of a controlled substance; he was not charged with distribution or trafficking. However, the forfeiture statute provides that any vehicle used "in any manner to facilitate" possession of a controlled substance is subject to forfeiture. § 20-2-93(5), Ala. Code 1975. Furthermore, this court has held that using a vehicle to transport marijuana for personal use and possession is sufficient to support the forfeiture of the vehicle. Gilbert v. State, 686 So.2d 266 (Ala.Civ.App.), cert. denied,686 So.2d 267 (Ala. 1996). Thus, applying the law to the facts before us in this case, I must concur.
I write to point out, however, that the state should use discretion in exercising its forfeiture power. The state's power to confiscate the property of its citizens carries with it the great responsibility of using that power as it was intended. It was my understanding that when the drug forfeiture laws were enacted, they were intended to be used to take away any financial reward derived from the sale of illegal drugs, that is, they would be used to take away dealers' profits or the property they bought with those profits. I am the first one to agree to the forfeiture of the cars, airplanes, yachts, homes, and other fruits of illegal drug sales. I also agree that forfeiture laws should be used to take away property used in furthering the production, importation, sale, receipt, possession, or concealment of drugs. I do not believe, however, that the forfeiture laws were meant to allow the government to take whatever property of value happens to be available when one is found to be in possession of illegal drugs.
In this case, there is no contention that the vehicle was paid for out of profits made from the sale of illegal drugs. In fact, the evidence is undisputed that Kelley's grandmother had paid for the forfeited car, a Pontiac Grand Am valued at $30,000. That being the case, I wonder who is punished more upon the forfeiture of the car, the grandmother or Kelley. Furthermore, Kelley is young enough to have been granted youthful offender status for the criminal proceedings that arose from this incident. Although youthful offender status is not an option in civil forfeiture cases, I believe that the age, prior criminal record of the person charged with the underlying drug offense, and the severity of that offense should be considered when determining whether the forfeiture of property is proper.
Drug use is a serious problem and I agree that strong measures are needed in dealing with the problem. However, I believe that the forfeiture laws are being used more frequently to punish users like Kelley rather than to punish those higher up the drug distribution chain who are profiting from the sale of illegal drugs — those whom I believe the forfeiture laws were intended to punish. I fear that the *Page 837 
state is edging ever closer to abusing the forfeiture laws, confiscating individuals' property with no thought or proof of whether the items it is taking are actually the fruits of illegal drug sales or are actually being used to facilitate drug use or distribution.