The state appeals from the trial court's order granting defendant's motion to suppress certain evidence. The defendant was charged with unlawful possession of a controlled substance, specifically cocaine, in violation of § 13A-12-212, Code of Alabama 1975.
The following evidence was elicited at the hearing on the motion to suppress. On March 11, 1996, between 11:00 p.m. and 11:30 p.m., narcotics investigator Michael Alexander Salomonsky and investigator John Peterson, of the Madison County Sheriff's Department, were in the parking lot of Chick's Lounge on routine patrol. Salomonsky and Peterson were informed that drug transactions had taken place in the parking lot and Salomonsky had already made several drug arrests in that parking lot. Salomonsky testified that as he was driving through the parking lot he noticed a Nissan pickup truck; a male was standing near the passenger window, leaning in and out of the window of the truck. Salomonsky stopped his car *Page 952 
so he could watch. Two males inside the truck appeared to be talking to the male standing at the passenger window. The passenger then placed a white object inside a plastic bag on the dashboard.
At this point, Salomonsky got out of his car and approached the passenger side of the Nissan pickup truck. As he approached the truck, Salomonsky clearly saw and identified the white substance inside the plastic bag as cocaine. Salomonsky pulled his badge from his shirt, identified himself as a sheriff's deputy, and instructed the male outside the truck and the two males inside the automobile to put up their hands. The passenger grabbed the bag of cocaine on the dashboard and threw it down on the passenger-side floorboard. Again, Salomonsky instructed all three men "to put their hands up." (R. 8.) The passenger complied. However, Otwell, who was in the driver's seat of the truck, did not put up his hands. Otwell appeared to be fumbling in the center console area of the truck. Investigator Salomonsky drew his weapon and Otwell then complied with Salomonsky's order to raise his hands.
After Officer Salomonsky looked in the automobile and saw the cocaine on the floorboard, he made the passenger get out of the automobile, handcuffed him, and gave him to Investigator Peterson. Then, Salomonsky went around the truck and handcuffed Otwell. Salomonsky searched the truck and found two more bags of cocaine in the center area of the truck where Otwell was fumbling before he raised his hands. Salomonsky also found a firearm, a mirror, and a razor blade.
The trial court granted Otwell's motion to suppress without making any findings of fact. The prosecutor asked the court to state its grounds for granting the motion to suppress. The judge responded "I don't think there's enough testimony concerning — let me say this. His type of testimony with respect to how he made this arrest and how he made a determination as to exactly what this substance was, this alleged substance, is not sufficient to make it admissible at trial." (R. 20.) Consequently, the trial judge dismissed the case.
In reviewing a decision of a trial court on a motion to suppress evidence, in a case in which the facts are not in dispute, we apply a de novo standard of review. See State v. Hill,690 So.2d 1201 (Ala. 1996); Barnes v. State, 704 So.2d 487 (Ala.Cr.App. 1997). In this case, Investigator Salomonsky was the only witness who testified at the suppression hearing. Therefore, the facts are not in dispute, but rather, the application of the law to those facts is in dispute. Therefore, we will apply a de novo standard of review.
The state contends that the trial court erred in granting the defendant's motion to suppress. In support of its position, the state maintains that Investigator Salomonsky's seizure of the cocaine found on the floorboard of the automobile was proper based upon the plain-view exception to the search warrant requirement. The state also contends that the other two bags of cocaine found in the center area of the automobile were properly seized based upon the incident-to-a-lawful-arrest exception to the search warrant requirement.
 "`This court has long held that warrantless searches are per se unreasonable, unless they fall within one of the recognized exceptions to the warrant requirement. See, e.g., Chevere v. State, 607 So.2d 361, 368
(Ala.Cr.App. 1992). These exceptions are: (1) plain view; (2) consent; (3) incident to a lawful arrest; (4) hot pursuit or emergency; (5) probable cause coupled with exigent circumstances; (6) stop and frisk situations; and (7) inventory searches. Ex parte Hilley, 484 So.2d 485, 488 (Ala. 1985); Chevere, supra, 607 So.2d at 368.'"
State v. Mitchell, [Ms. CR-97-0229, August 14, 1998] 722 So.2d 814
(Ala.Cr.App. 1998), quoting Rotiski v. State, 715 So.2d 859
(Ala.Cr.App. 1997).
In order to decide whether the cocaine was lawfully seized, we must determine *Page 953 
whether the elements of the plain-view exception are satisfied. The plain view exception to the search warrant requirement "`permits a warrantless seizure of evidence if the seizing officer (1) has prior justification for the intrusion, (2) comes upon the evidence inadvertently, and (3) immediately recognizes the objects discovered as evidence of wrongdoing.'" Smith v. State, 472 So.2d 677, 682-83
(Ala.Cr.App. 1984), quoting Herrin v. State, 349 So.2d 103 (Ala.Cr.App. 1977). In 1990, however, the United States Supreme Court abandoned the inadvertent requirement for the plain-view search. Gilbert v. State, 686 So.2d 266, 267 (Ala.Civ.App. 1996) (citing Horton v. California,496 U.S. 128 (1990)).
In explaining the rationale behind this rule, the United States Supreme Court explained that "if contraband is left in open view and is observed by a police officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy and thus no search within the meaning of the Fourth Amendment — or at least no search independent of the initial intrusion that gave the officers their vantage point." Minnesota v. Dickerson, 508 U.S. 366, 375 (1993).
"`Although an officer may seize contraband which is in plain view without obtaining a warrant, this doctrine applies only when the officer has a legal right to be at his viewpoint.'" Duck v. State, 518 So.2d 857, 859 (Ala.Cr.App. 1987), quoting State v. Morsman, 394 So.2d 408 (Fla. 1981). Thus, if an officer is in a public place and the contraband is in plain view, the exception is applicable.
Under the facts of this case, the requirement of justification for the intrusion is satisfied. Investigators Salomonsky and Peterson were in a public parking lot. Because the officers were lawfully in a public place, no invasion of privacy occurred and the intrusion was justified.
As to the last requirement — that the evidence observed must be immediately apparent — the officer need not identify the object as contraband immediately. Allen v. State, 689 So.2d 212, 215-16
(Ala.Cr.App 1995). In Allen, this court explained "[t]here is no requirement under the plain view doctrine, however, that the officer recognize the object as contraband upon first glance, or that any information gained from additional looking must be ignored, or that the officer cannot mull over what has been seen before concluding that it is in fact contraband. Nor is it necessary that the officer recognize with certainty that the object is contraband. Rather, the officer must only have probable cause to believe that the object is contraband." Id.
In a similar case, a police officer inadvertently discovered marijuana in the defendant's automobile. Smith v. State,472 So.2d 677, 681 (Ala.Cr.App. 1984). In Smith the third prong of the plain view exception was satisfied because of the officer's experience, and consequently, his ability to identify the object as contraband. Id. at 683. The officer testified that "in his judgment, this plant material, which was in a `baggie,' appeared to be marijuana." Id.
Under the facts of this case, Narcotics Investigator Salomonsky sufficiently identified the drugs to satisfy the last requirement of the plain-view exception. Salomonsky testified that while he was in his automobile he saw the passenger reach up and place a plastic bag with a white substance inside of the bag on the dashboard. At trial, however, the judge did not allow Salomonsky to testify as to what, in his opinion, the white plastic object was. (R. 7.) Nevertheless, Salomonsky later testified that once he approached Otwell's truck and clearly viewed the object, he immediately believed that the object was "cocaine wrapped in a piece of plastic." (R. 8.) Salomonsky was able to identify the white substance as cocaine based on his "six or seven years experience" in narcotics. (R. 7.) Like the officer in Allen, *Page 954 
Salomonsky identified the drugs based on years of experience in this field. Therefore, this last requirement is also satisfied. Consequently, the drugs were in plain view and the first bag of cocaine was legally seized by officer Salomonsky.
In order to determine whether the two bags of cocaine discovered in the center area of the automobile were legally seized under the incident-to-a-lawful-arrest exception to the search warrant requirement, we must determine if Otwell's arrest was proper. Section 15-10-3(a)(1), Code of Alabama 1975, provides that "[a]n officer may arrest a person without a warrant, on any day and at any time . . . [i]f a public offense has been committed or a breach of the peace threatened in the presence of the officer." See also Rule 4.1(a)(ii)., Ala.R.Crim.P. The offense of possession of a controlled substance is defined at § 13A-12-212, Code of Alabama 1975, which provides, in pertinent part:
 "A person commits the crime of unlawful possession of controlled substance if:
". . . .
 "(2) He obtains by fraud, deceit, misrepresentation or subterfuge or by the alteration of a prescription or written order or by the concealment of a material fact or by the use of a false name or giving a false address, a controlled substance . . . ."
As Salomonsky approached Otwell's truck, he was able to identify the white substance as cocaine based on his "six or seven years experience" in narcotics. (R. 7.) The possession of a controlled substance is explicitly prohibited by Alabama law. Therefore, Otwell committed an offense under § 13A-12-212, Code of Alabama 1975, and Officer Salomonsky was authorized to arrest him without an arrest warrant pursuant to § 15-10-3(a)(1), Code of Alabama 1975.
A search incident to a lawful arrest is authorized as an exception to the search warrant requirement. "When officers lawfully arrest an automobile occupant, they may search the passenger compartment of the automobile as a contemporaneous incident of the arrest, and they also may examine the contents of containers found in the automobile." United States v. Diaz-Lizaraza, 981 F.2d 1216, 1222 (11th Cir. 1993). Under this rule, once Salomonsky lawfully arrested Otwell, Salomonsky was authorized to conduct a search of his automobile without a search warrant. Salomonsky's search of the automobile that produced two additional bags of cocaine, was legal. Consequently, the additional bags of cocaine were lawfully seized by Salomonsky under an exception to the search warrant requirement.
We hold that the trial court erred in suppressing the cocaine. Accordingly, the trial court's order granting the motion to suppress is reversed, and this cause is remanded to the trial court.
REVERSED AND REMANDED.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.
 *Page 290