KELLUM, Judge.
Jerome Corvisky Perry was arrested and charged with unlawful possession of marijuana in the first degree, a violation of § 13A-12-213, Ala.Code 1975. Perry filed a pretrial motion to suppress the evidence seized from him — plastic bags filled with marijuana — by law-enforcement officials during a traffic stop carried out at a driver’s license checkpoint. Following an evi-dentiary hearing, the trial court granted Perry’s motion to suppress. Pursuant to Rule 15.7, Ala. R.Crim. P., the State appeals the trial court’s ruling.
The following pertinent evidence was presented by the State at the suppression hearing. On August 6, 2009, Officer Stuart Upshaw of the Montgomery Police Department (“MPD”) was assisting a special operations unit in conducting a driver’s license checkpoint at an apartment complex when he encountered Perry at the checkpoint. As Officer Upshaw ap *293 proached Perry’s vehicle, he could smell the odor of marijuana emanating from Perry’s vehicle. Perry did not have in the vehicle his driver’s license or proof of insurance. Officer Upshaw asked Perry to step out of his vehicle so that he could conduct a patdown search. As Perry stepped out of the vehicle, Officer Upshaw observed that Perry’s left hand remained in his left pant pocket, which Officer Up-shaw found suspicious. While patting Perry down, Officer Upshaw felt a hard object approximately 3 or 4 inches long and removed it from Perry’s left pocket. Officer Upshaw testified that he did not immediately recognize what the object was once he felt it in Perry’s pocket. The object turned out to be a yellow, rectangular sandwich-bag box containing small plastic bags holding what Officer Upshaw believed to be marijuana.
The circuit court questioned Officer Up-shaw extensively as to why the officer believed he needed to conduct a patdown search of Perry for weapons. At one point, Officer Upshaw testified that after smelling marijuana, he did not intend to place Perry under arrest “at that point.” (R. 8.) The circuit court ultimately suppressed the drugs seized as the result of Perry’s traffic stop. Although the circuit court did not issue written findings of fact, it is clear from the record of the suppression hearing that the circuit court suppressed the drug evidence on the grounds that Officer Upshaw did not testify that he believed the object in Perry’s pocket to be a weapon and thus, did not have the requisite reasonable suspicion to seize the object pursuant to a Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), “patdown” search. The State appealed.[1]
In State v. Landrum, 18 So.3d 424 (Ala.Crim.App.2009), this Court explained:
“ ‘This Court reviews de novo a circuit court’s decision on a motion to suppress evidence when the facts are not in dispute. See State v. Hill, 690 So.2d 1201, 1203 (Ala.1996); State v. Otwell, 733 So.2d 950, 952 (Ala.Crim.App.1999).’ State v. Skaggs, 903 So.2d 180, 181 (Ala.Crim.App.2004). In State v. Hill, 690 So.2d 1201 (Ala.1996), the trial court granted a motion to suppress following a hearing at which it heard only the testimony of one police officer. Regarding the applicable standard of review, the Alabama Supreme Court stated, in pertinent part, as follows:
“ ‘ “Where the evidence before the trial court was undisputed the ore tenus rule is inapplicable, and the Supreme Court will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court’s application of the law to those facts.” Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980) (citations omitted). The trial judge’s ruling in this case was based upon his interpretation of the term “reasonable suspicion” as applied to an undisputed set of facts; the proper interpretation is a question of law.’
“State v. Hill, 690 So.2d at 1203-04.”
18 So.3d at 426. Because the evidence presented at the suppression hearing is not in dispute, the only issue before this Court is whether the circuit court correctly applied the law to the facts presented at *294 the suppression hearing, and we afford no presumption in favor of the circuit court’s ruling.
This Court has recognized that a traffic stop is “ ‘ “more analogous” to the brief investigative detention authorized in Terry [v. Ohio, 392 U.S. 1 (1968) ]’ ” than custody traditionally associated with a felony arrest. Sides v. State, 574 So.2d 856, 858 (Ala.Crim.App.1990), quoting Pittman v. State, 541 So.2d 583, 585 (Ala.Cr.App.1989), quoting in turn Berkemer v. McCarty, 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). In stopping a vehicle for a traffic violation, a police officer has, in Fourth Amendment terms, seized the driver, Cains v. State, 555 So.2d 290, 292 (Ala.Crim.App.1989), quoting Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). “Under Terry [v. Ohio, 392 U.S. 1 (1968) ], law-enforcement officers may stop a vehicle for investigatory purposes based on a traffic violation. State v. Rodgers, 903 So.2d 176, 178 (Ala.Crim.App.2004).” J.T.C. v. State, 990 So.2d 444, 447 (Ala.Crim.App.2008).
“ ‘Whether there is probable cause to merit a warrantless search and seizure is to be determined by the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). “Probable cause exists where all the facts and circumstances within the officer’s knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be searched.” Sheridan v. State, 591 So.2d 129, 130 (Ala.Crim.App.1991).’ State v. Stallworth, 645 So.2d 323, 325 (Ala.Cr.App.1994).”
Woods v. State, 695 So.2d 636, 640 (Ala.Crim.App.1996). “Sufficient probability, not certainty ..., is the touchstone under the Fourth Amendment.” Allen v. State, 689 So.2d 212, 216 (Ala.Crim.App.1995).
“Warrantless searches are per se unreasonable, unless they fall within a recognized exception. Ex parte Hilley, 484 So.2d 485 (Ala.1985). Those exceptions include: objects in plain view, consensual searches, a search incident to a lawful arrest, hot pursuit or emergency situations, probable cause coupled with exigent circumstances, and a Terry ‘stop and frisk’ situation. Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973). Where a search is executed without a warrant, the burden falls upon the State to show that the search falls within an exception. Kinard v. State, 335 So.2d 924 (Ala.1976).”
Ex parte Tucker, 667 So.2d 1339, 1343 (Ala.1995).
Here, upon confronting Perry during a traffic stop, Officer Upshaw smelled marijuana emanating from Perry’s vehicle. This Court has repeatedly held that a police officer has probable cause to search a vehicle or a suspect after the officer smells the odor of marijuana. See, e.g., Blake v. State, 772 So.2d 1200, 1205 (Ala.Crim.App.2000) (holding that the odor of drugs emanating from a vehicle provides probable cause to search the vehicle and to arrest its occupants); Adams v. State, 815 So.2d 578, 581 (Ala.2001) (“A police officer’s detecting the smell of raw or burned mari juana coming from a particular place or person is sufficient to provide probable cause to search that place or person.”). Thus, after smelling the marijuana coming from Perry’s vehicle, Officer Upshaw had the requisite probable cause to search Perry’s vehicle and person and to seize any contraband found therein. Accordingly, Officer Upshaw was justified in conducting the patdown search and seizing the object he felt in Perry’s pocket.
*295 Furthermore, we observe that the subjective beliefs of Officer Upshaw were irrelevant in determining whether Officer Upshaw conducted a valid search and seizure under the Fourth Amendment. In Ex parte Scarbrough, 621 So.2d 1006 (Ala.1993), the Alabama Supreme Court explained:
“Following the [United States] Supreme Court’s preference for an objective standard, we adopt the objective test for determining whether an arrest was pretextual and therefore unlawful. As long as the police officer is doing only what is objectively authorized and legally permitted, the officer’s subjective intent in doing it is irrelevant.-
“In the instant case, the police officers arrested Scarbrough pursuant to a valid arrest warrant. After advising him of his Miranda rights, they merely inquired whether he wanted to discuss the murder. Their conduct was reasonable under the objective test and did not violate the Fourth Amendment. Therefore, the Court of Criminal Appeals properly affirmed the judgment of the trial court.”
621 So.2d at 1010. Officer Upshaw was objectively authorized to search Perry because Officer Upshaw had the requisite probable cause to search Perry’s person and vehicle once Officer Upshaw smelled marijuana. See, Adams, 815 So.2d at 581. The circuit court’s Terry analysis regarding whether Officer Upshaw believed the object in Perry’s pocket to be a weapon ignores the fact that upon smelling the marijuana, Officer Upshaw had probable cause to search Perry’s vehicle and person. Thus, the circuit court improperly weighed Officer Upshaw’s subjective concerns over what Officer Upshaw was “objectively authorized and legally permitted” to do under the Fourth Amendment, contrary to the Alabama Supreme Court’s holding in Scarbrough. Accordingly, the circuit court erred in granting Perry’s motion to suppress.
Based on the foregoing, we reverse the circuit court’s judgment and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.

. We also note that the circuit court also suppressed statements allegedly made by Perry once he was in custody. Neither the State nor Perry presented evidence in connection with the statements Perry made in custody, and the State does not raise the issue here on appeal. Therefore, the issue is deemed waived, and we will not address the claim on appeal. See Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) ("When an appellant fails to argue an issue in its brief, that issue is waived.”).