WINDOM, Presiding Judge.
The State of Alabama appeals the circuit court’s decision to suppress evidence of crack cocaine discovered during a search of Edwin M. Moore’s vehicle after Moore was stopped for a traffic violation. For the reasons that follow, this Court reverses the circuit court’s order and remands this cause for further proceedings.
On January 20, 2012, a Montgomery County grand jury issued an indictment charging Moore with unlawful possession of a controlled substance, see § 13A-12-212(a)(1), Ala.Code 1975. On March 13, 2012, Moore filed a motion to suppress the crack cocaine seized during the traffic stop. In his motion, Moore argued that the crack cocaine was the product of an illegal search of his vehicle; therefore, he asserted, it should be suppressed.
On April 3, 2012, the circuit court held a hearing on Moore’s motion. During the hearing, Corporal Mark Wells, an officer with the Montgomery Police Department, testified that, while on patrol on July 23, 2011, he saw a vehicle run a stop sign; therefore, he stopped the vehicle to give the driver a ticket. According to Cpl. Wells, he approached the driver’s side window and saw that there were three people in the vehicle. At that point, Cpl. Wells asked the driver, Moore, for his information. While speaking with Moore, Cpl. Wells could smell a strong odor of alcohol emanating from the vehicle. Cpl. Wells then went back to his patrol car to run Moore’s information through the law-enforcement system to see if there were any outstanding warrants for Moore’s arrest.
After determining that Moore did not have any outstanding warrants for his arrest, Cpl. Wells returned to Moore. At that point, Cpl. Wells asked Moore to get out of the vehicle so that he could observe Moore further to determine whether Moore was under the influence of alcohol. *189 When Moore opened the door to get out of the vehicle, Cpl. Wells saw a clear plastic bag containing a white substance on the driver’s side floorboard of the vehicle. Cpl. Wells explained that, based on his experience, he believed that the bag contained crack cocaine. According to Cpl. Wells, the white substance was packaged in the corner of the bag, which was the way he had always seen crack cocaine packaged. After seeing the bag of crack cocaine, Cpl. Wells asked all the occupants of the car to get out so that he could safely seize the drugs. Once all the passengers were out of the vehicle, Cpl. Wells seized the bag of crack cocaine that forms the basis of Moore’s charge of unlawful possession of a controlled substance.
Meredith Moore, Moore’s ex-wife, testified that she and Alvin King were with Moore when Cpl. Wells stopped them. Meredith testified that they had been to the liquor store to buy vodka but that no one in the vehicle had been drinking. According to Meredith, while driving home, Moore did not come to a complete stop at a stop sign, and they were pulled over by Cpl. Wells. Meredith testified that Cpl. Wells got both Moore’s and her information and went back to his patrol car. When Cpl. Wells returned, he ordered Moore to get out of the car. He then ordered Meredith and King out of the car. According to Meredith:
“Corporal Wells asked if he — he said, if I were to search your vehicle, would I find anything in there? And [Moore] told him no. And he said, you tell me now, because if I search your vehicle and I find something, there’s going to be a lot more trouble than if you just go ahead and tell me the truth now. And we said, no, there’s nothing in the vehicle.”
(R. 8.) Meredith said that after Moore denied having anything in the vehicle, Cpl. Wells searched it and found crack cocaine.
After both sides presented their evidence, the circuit court asked Cpl. Wells whether he gave Moore a field-sobriety test, to which Cpl. Wells replied that he did not. The circuit court then questioned Cpl. Wells in detail regarding why he did not give Moore a field-sobriety test. Cpl. Wells explained that he did not give Moore a field-sobriety test because before giving the test he saw that Moore was in possession of crack cocaine and also saw that Moore did not appear to be too impaired to drive the vehicle. Thereafter, the circuit court granted Moore’s motion to suppress.
On appeal, the State argues that the circuit court abused its discretion by granting Moore’s motion to suppress because “the evidence was legally obtained under any view of the testimony at the suppression hearing.” (State’s brief, at 5.) This Court agrees.
Initially, this Court notes:
“ ‘ ‘When evidence is presented ore ten-us to the trial court, the court’s findings of fact based on that evidence are presumed to be correct,” Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994); “[w]e indulge a presumption that the trial court properly ruled on the weight and probative force of the evidence,” Bradley v. State, 494 So.2d 750, 761 (Ala.Crim.App.1985), aff'd, 494 So.2d 772 (Ala.1986); and we make “ ‘all the reasonable inferences and credibility choices supportive of the decision of the trial court.’ ” Kennedy v. State, 640 So.2d 22, 26 (Ala.Crim.App.1993), quoting Bradley, 494 So.2d at 761. “[A]ny conflicts in the testimony or credibility of witnesses during a suppression hearing is a matter for resolution by the trial court.... Absent a gross abuse of discretion, a trial court’s resolution of [such] conflicts] *190 should not be reversed on appeal.” Sheely v. State, 629 So.2d 23, 29 (Ala.Crim.App.1993) (citations omitted). However, “ ‘[w]here the evidence before the trial court was undisputed the ore tenus rule is inapplicable, and the [appellate] Court will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court’s application of the law to those facts.’ ” State v. Hill, 690 So.2d 1201, 1203 (Ala.1996), quoting Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980). ‘““[W]hen the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment.” ’ ” Ex parte Jackson, 886 So.2d 155, 159 (Ala.2004), quoting Hill, 690 So.2d at 1203, quoting in turn Ex parte Agee, 669 So.2d 102, 104 (Ala.1995). A trial court’s ultimate legal conclusion on a motion to suppress based on a given set of facts is a question of law that is reviewed de novo on appeal. See State v. Smith, 785 So.2d 1169 (Ala.Crim.App.2000).’ ”
C.B.D. v. State, 90 So.3d 227, 237 (Ala.Crim.App.2011) (quoting State v. Hargett, 935 So.2d 1200, 1203-04 (Ala.Crim.App.2005)). “ ““ “A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision.” ”” ” Byrd v. State, 78 So.3d 445, 450-51 (Ala.Crim.App.2009) (quoting Hodges v. State, 926 So.2d 1060, 1072 (Ala.Crim.App.2005), quoting in turn State v. Jude, 686 So.2d 528, 530 (Ala.Crim.App.1996), quoting in turn Dowdy v. Gilbert Eng’g Co., 372 So.2d 11, 12 (Ala.1979), quoting in turn Premium Serv. Corp. v. Sperry & Hutchinson, Co., 511 F.2d 225 (9th Cir.1975)).
Further, it is well settled that warrantless searches and seizures are per se unreasonable under the Fourth Amendment unless the State establishes that the search or seizure falls within a recognized exception. Ex parte Hilley, 484 So.2d 485, 488 (Ala.1985). Exceptions to the warrant requirement include: 1) objects in plain view; 2) consensual searches; 3) a search incident to a lawful arrest; 4) hot pursuit or emergency situations; 5) probable cause coupled with exigent circumstances; and 6) an investigatory detention and search for weapons pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Ex parte Tucker, 667 So.2d 1339, 1343 (Ala.1995). Another recognized exception to the warrant requirement is the “automobile exception,” which allows law enforcement to search an automobile based on probable cause alone. State v. Black, 987 So.2d 1177, 1180 (Ala.Crim.App. 2006)(citing Maryland v. Dyson, 527 U.S. 465, 466-67, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999)).
In State v. Perry, 66 So.3d 291 (Ala.Crim.App.2010), this Court explained:
“[A] traffic stop is ‘ “ ‘more analogous’ to the brief investigative detention authorized in Terry [v. Ohio, 392 U.S. 1 (1968), ]” ’ than custody traditionally associated with a felony arrest. Sides v. State, 574 So.2d 856, 858 (Ala.Crim.App.1990), quoting Pittman v. State, 541 So.2d 583, 585 (Ala.Cr.App.1989), quoting in turn Berkemer v. McCarty, 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). In stopping a vehicle for a traffic violation, a police officer has, in Fourth Amendment terms, seized the driver, Cains v. State, 555 So.2d 290, 292 (Ala.Crim.App.1989), quoting Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). ‘Under Terry [v. Ohio, 392 U.S. 1 (1968)], law-enforcement officers may stop a vehicle for investigatory purposes based on a traffic violation. State v. Rodgers, 903 So.2d 176, 178 (Ala.Crim.App.2004).’ *191 J.T.C. v. State, 990 So.2d 444, 447 (Ala.Crim.App.2008).”
66 So.3d at 294. “So long as the police officer has properly seized the occupants of the car, the officer may order the driver, Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977), or a passenger, State v. Hails, 814 So.2d 980 (Ala.Crim.App.2000) (recognizing Maryland v. Wilson, 519 U.S. 408, 415 (1997)), cert. denied, 814 So.2d 988 (Ala.2001), out of the car -without violating the Fourth Amendment.” State v. Bailey, 49 So.3d 1245, 1250 (Ala.Crim.App.2010); see also Pennsylvania v. Mimms, 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (holding that when law-enforcement officers have legally stopped the' driver of a vehicle, they may, consistent with the Fourth Amendment, order a driver out of the ear for any reason or for no reason). After the driver has been ordered out of the car, “[t]he officer may seize any contraband, including weapons, in plain view.” Camp v. State, 983 So.2d 1141, 1144 (Ala.Crim.App.2007) (quoting United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir.2001), citing in turn Michigan v. Long, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)).
The Supreme Court of the United States has explained that “if contraband is left in open view and is observed by a police officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy and thus no search within the meaning of the Fourth Amendment — or at least no search independent of the initial intrusion that gave the officers their vantage point.” Minnesota v. Dickerson, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). Thus, “[t]he plain view exception to the search warrant requirement ‘ “permits a warrantless seizure of evidence if the seizing officer (1) has prior justification for the [initial] intrusion, ... [and (2) ] immediately recognizes the object[ ] discovered as evidence of wrongdoing.’” ” State v. Otwell, 733 So.2d 950, 953 (Ala.Crim.App.1999) (quoting Smith v. State, 472 So.2d 677, 682-83 (Ala.Crim.App.1984), quoting in turn Herrin v. State, 349 So.2d 103 (Ala.Crim.App.1977)). See also Otwell, 733 So.2d at 953 (recognizing that there is no requirement under the plain-view doctrine that the officer come upon the evidence inadvertently).
Here, there is no dispute that Cpl. Wells lawfully stopped Moore for running a stop sign. See Perry, 66 So.3d at 294 (explaining the law-enforcement officers may lawfully stop the driver of a vehicle for a traffic violation). Once Moore was lawfully stopped, Cpl. Wells properly ordered him to get out of the vehicle. See Mimms, 434 U.S. at 111 (holding that the Fourth Amendment does not require law-enforcement officers to have a reason for ordering a driver who has been lawfully stopped to get out of the vehicle); Perry, 66 So.3d at 294 (same). After Moore opened the door to get out of the vehicle, Cpl. Wells, who was lawfully in a position to view the floorboard of Moore’s vehicle, saw, in plain view, what he recognized to be a plastic bag containing crack cocaine. Thereafter, he properly seized the crack cocaine under the plain-view doctrine.
As the State correctly argues, Cpl. Wells “legally obtained [the crack cocaine] under any view of the testimony at the suppression hearing.” (State’s brief, at 5.) In other words, “the record contains no evidence on which [the circuit court] rationally could have based [its] decision” to grant Moore’s motion to suppress. Byrd, 78 So.3d at 450-51. Consequently, the circuit court abused its discretion by doing so.
Accordingly, the order of the circuit court suppressing the evidence is reversed, *192 and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.