The defendant was convicted for arson in the first degree, Alabama Code Section 13A-7-41 (1975), and sentenced to fifteen years' imprisonment as an habitual offender. Two issues are presented on appeal.
 I
The defendant argues that his confession was the product of an improper inducement. Applying the totality of the circumstances test for determining voluntariness, Haynes v.Washington, 373 U.S. 503, 513-514, 83 S.Ct. 1336, 1342-1343,10 L.Ed.2d 513 (1963), we find that the defendant's incriminating statements were voluntary and not coerced or encouraged in any way by any police officer. All the evidence shows, and it is not disputed, that the defendant knowingly, intelligently and voluntarily waived his Miranda rights prior to making a statement. Miranda v. Arizona, 384 U.S. 436, 444,86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).
The defendant was initially arrested for charges other than arson. When Huntsville police arson investigator Floyd Pirtle first advised the defendant of his constitutional rights, the defendant had been incarcerated in the city jail for five days "doing time from the city" on these other charges. The evidence does not support any allegation of illegal detention.
The defendant waived his rights and agreed to talk but denied any knowledge of the fire. Investigator Pirtle confronted the defendant with the written statements he had obtained from the occupants of the house the night of the fire. The defendant then stated that "they didn't want to prosecute, they didn't want to press charges."
Pirtle told the defendant that "if the victim did not want to press charges and if the witness did not want to testify, that there was a good chance the District Attorney's Office would probably nol pros the case and not try it." Pirtle specifically denied promising the defendant that the *Page 219 
charges would be dropped if he cooperated and gave a statement. Pirtle testified that he made it "abundantly clear" that the decision to nol-pros or dismiss the case "was a decision made by the District Attorney's Office", that he "had nothing to do with that decision", that that decision was not his "jurisdiction" and not his decision to make, and that he had "no jurisdiction or choice in the matter, that was between the District Attorney's Office and the victim." After this conversation, the defendant admitted setting the fire.
We find no coercion or improper inducement. Confronting the defendant with the statements taken during the investigation was not improper. United States v. Sikora, 635 F.2d 1175, 1176
(6th Cir.), cert. denied, 449 U.S. 993, 101 S.Ct. 530,66 L.Ed.2d 290 (1980); Moore v. State, 415 So.2d 1210 (Ala.Cr.App. 1982); Annot., 99 A.L.R.2d 772 (1965).
Here, there was no subterfuge, artifice, deception, trickery or fraud employed to induce a statement or confession from the defendant. There was no express or implied promise of leniency. Nothing was said that was likely to produce an untrue statement. Investigator Pirtle denied that the defendant was held without bail until a statement was obtained and the evidence supports a finding that the confession was not induced by a promise of bail. Eakes v. State, 387 So.2d 855, 859
(Ala.Cr.App. 1978).
Although the evidence of voluntariness, apart from the waiver of Miranda rights, was disputed, the action of the trial judge in admitting the confession is fully justified. The findings of a trial court on a motion to suppress are binding on this Court unless they are clearly erroneous. United States v. Gunn,428 F.2d 1057, 1060 (5th Cir. 1970). The trial judge's determination of the voluntariness of a confession "is entitled to great weight on appeal and will not be disturbed unless it appears to be contrary to the great weight of evidence and manifestly wrong." Harris v. State, 280 Ala. 468, 470-71,195 So.2d 521 (1967). "When confessions are admitted on controverted questions of fact, this court will not revise the rulings of the lower court, admitting them, unless they appear to be manifestly wrong." Phillips v. State, 248 Ala. 510, 520,28 So.2d 542 (1947); Thompson v. State, 347 So.2d 1371, 1375
(Ala.Cr.App.), cert. denied, Ex parte Thompson, 347 So.2d 1377
(Ala. 1977), cert. denied, 434 U.S. 1018, 98 S.Ct. 740,54 L.Ed.2d 765 (1978). "We know of no principle which will authorize us, in this case, to depart from the rule laid down above." Bonner v. State, 55 Ala. 242, 247 (1876).
 II
There was testimony from several witnesses that the defendant was highly intoxicated at the time of the crime. The defendant himself testified that he was "drunk enough" to be "staggering around". However, the defendant also stated that he did not start any fire and "wasn't that drunk" and "knew what he was doing."
A verdict on conflicting evidence is conclusive on appeal.Roberson v. State, 162 Ala. 30, 32, 50 So. 345 (1909). "It is not the function of this court to reweigh the evidence."Crumpton v. State, 402 So.2d 1081, 1085 (Ala.Cr.App.), cert. denied, Ex parte Crumpton, 402 So.2d 1088 (Ala. 1981). This Court cannot substitute its judgment for that of the jury. Conflicting evidence presents a jury question and this Court cannot pass upon the truth or falsity of conflicting evidence.
This Court will not interfere when the evidence is conflicting if there was material evidence tending to support the jury's verdict. "(T)he verdict settles any conflict in the evidence" and this Court will not invade the province of the jury. 24A C.J.S. Criminal Law § 1881 (1962).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 593