The State of Alabama appeals from the trial court's order granting William Ray Ivey's motion to suppress evidence.
On June 9, 1996, a police officer for the City of Florence was on patrol when he saw a vehicle with a filing cabinet protruding from the trunk. The record varies as to whether this occurred at approximately 2:00 a.m. or 3:00 a.m. The officer followed the vehicle "to see if I could find something to stop it for." The officer testified that it appeared that when the driver realized she was being followed, the vehicle sped away. The officer chased the vehicle for approximately four blocks, activated his lights at some point, and stopped the vehicle at Ivey's driveway. The officer ordered the driver, Freda Compton, out of the car.[1] Ivey was in the passenger seat, and an infant was in the backseat. The Officer questioned Ivey and Ms. Compton about the filing cabinet in the trunk, but at the hearing on the motion to suppress he indicated that he was unsure whether he talked to Ivey before or after he searched the filing cabinet. The officer testified that he searched the filing cabinet because 1) the stop was made in the early morning hours, 2) the car sped away after noticing that the officer was following, and 3) Ivey's answers regarding the ownership of the filing cabinet were inconsistent. The officer testified that Ivey told him the filing cabinet was his and that it contained papers pertaining to the infant; Ivey also told him that he had found the filing cabinet on the street. The officer testified that the vehicle was speeding and attempting to elude him, but he did not issue a ticket to the driver. The officer searched the cabinet and found evidence that indicated that it belonged to the TVR Company. Upon making radio inquiry, the officer learned that this business had been burglarized shortly before he stopped the vehicle. He arrested Ivey and Ms. Compton. The officer testified that he did not ask permission to look into the filing cabinet and that before he learned of the *Page 505 
burglary, he did not have probable cause to arrest Ivey.
The trial court granted the motion to suppress, holding that while the officer had reasonable suspicion to stop the vehicle, he had no probable cause to search the contents of the filing cabinet.
The State argues that the court erred in granting the defendant's motion to suppress evidence because Ivey did not have standing to challenge the constitutionality of the search and because the search was lawful. The State also claims that review of this case is de novo because the evidence is not subject to material dispute and the trial court did not make findings of fact.
 I. Standard of Review
The findings of a trial court on a motion to suppress are binding on this court unless they are clearly erroneous.Simmons v. State, 428 So.2d 218 (Ala.Cr.App. 1983).
The State argues that this court should not apply this standard of review to the trial court's findings, but rather should conduct a de novo review because the evidence is not subject to material dispute because there was only one witness at the hearing and because the trial court did not make findings of fact. The State relies on State v. Hill,690 So.2d 1201 (Ala. 1996). However, Hill is distinguishable from this case. In Hill, no facts were presented that conflicted with or undermined the testimony of the only witness; moreover, the defendant adopted in his brief the statement of facts set out in the State's brief. Id. 690 So.2d at 1204. Hill recognized that where a trial court improperly applies the law to the facts or where the evidence is undisputed, no presumption of correctness exists as to the trial court's judgment. Id.
690 So.2d at 1203.
In this case, the parties did not stipulate to the facts and they did not adopt the same version of facts in their briefs. Even where the matter rests upon the testimony of only one witness, the trier of fact is free to accept or reject the witness's statements. Where inferences to be drawn from the evidence are susceptible to more than one rational conclusion, the decision is for the factfinder. Willcutt v. State, 284 Ala. 547, 226 So.2d 328 (1969). This court will not interfere when the evidence tends to support the factual finding. Simmons v.State, 428 So.2d 218 (Ala.Cr.App. 1983). Although only one witness testified, his testimony was not free of dispute. For example, (1) it is unclear from the testimony whether the officer spoke to Ivey before or after he searched the file cabinet, (2) it was therefore not clear whether the officer's reason for searching the cabinet was solely his initial suspicions or his initial suspicions coupled with the inconsistent statements given by Ivey, and (3) a video, which was introduced into evidence and which recorded portions of this incident, appears to contradict at least some of the officer's testimony. There is support in the record for the trial court's finding that the officer did not have probable cause to justify the search. Thus, applying the "clearly erroneous" standard of review, we must affirm the trial court's holding granting the motion to suppress.
 II. The warrantless search
The State relies primarily on "probable cause plus exigent circumstances" and the "automobile exception" to justify a warrantless search. The State also briefly touches on the "plain view" exception to the warrantless search in its argument to this court.
 A. The automobile exception
A lawful warrantless search of an automobile may be conducted provided there is probable cause to believe that the vehicle contains contraband. Carroll v. United States, 267 U.S. 132,45 S.Ct. 280, 69 L.Ed. 543 (1925). The "automobile exception" to a warrantless search is based on the impracticality of requiring a warrant because the vehicle can be easily moved and because there is a lower expectation of privacy in an automobile. Probable cause to believe a vehicle contains contraband exists where all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that a search of the vehicle would produce contraband. State v. Stallworth, 645 So.2d 323 (Ala.Cr.App. 1994). In determining whether probable cause exists, we must apply *Page 506 
the totality of the circumstances test. Illinois v. Gates,462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Mere suspicion alone is not a sufficient basis for a finding of probable cause. Vogel v. State, 426 So.2d 863 (Ala.Cr.App. 1980), aff'd,426 So.2d 882 (Ala. 1982), cert. denied, 462 U.S. 1107,103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983).
In Wright v. State, 343 So.2d 795 (Ala.Cr.App. 1977), cert. denied, Ex parte Wright, 343 So.2d 801 (Ala. 1977), an officer received information that the defendant "might have" a stolen truck in his possession. Acting on this information alone, the officer proceeded to a public parking lot where the defendant's vehicle was located. The officer determined that the tag number on the truck was registered to another vehicle. The officer proceeded to inspect the vehicle identification number ("VIN") number at which time he discovered that the vehicle was indeed stolen. The defendant argued that the search, using the VIN number, violated his Fourth Amendment right against unreasonable search and seizures. The Wright court held that the information conveyed to the officer, that the defendant "might have" a stolen truck, was nothing more than "bare suspicion." However, the court held that when coupled with the irregularity of the tag registration, the "bare suspicion" ripened into probable cause. 343 So.2d at 798.
In this case, the officer became suspicious merely because there was a filing cabinet in the trunk of an automobile. Unlike Wright, the officer here did not articulate any additional reasons he first thought the situation was suspicious. The police officer's "bare suspicion" in this case never ripened into probable cause. Ivey's inconsistent statements also do not unequivocally support a finding that probable cause existed because the officer could not definitively testify whether Ivey gave the inconsistent explanations before or after the officer conducted the search. The credibility of witnesses and the inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the factfinder which, in this case, was the trial judge. Willcutt v. State, 284 Ala. 547, 226 So.2d 328
(1969). This court will not interfere when the evidence is conflicting if there is material evidence tending to support the finding. Simmons v. State, 428 So.2d 218 (Ala.Cr.App. 1983). Here, there was ample basis for the trial judge not to consider Ivey's inconsistent responses in determining whether the officer had probable cause to search the cabinet.
 B. Probable cause plus exigent circumstances
To the extent that the State relies upon "probable cause plus exigent circumstances" to justify the warrantless search, we need not address this argument further because, in Part II A of this opinion, we affirmed the trial court's finding that there was no probable cause to justify the search.
 C. Plain view
Although the State, in its brief to this court, merely alludes to the application of the plain view exception to the warrant requirement, we will address it briefly. The "plain view" exception to the warrant requirement permits the seizure of items without a warrant "if the seizing officer (1) has prior justification for the intrusion, (2) comes upon the evidence inadvertently, and (3) immediately recognizes thecontraband discovered as evidence of wrongdoing." Smith v.State, 606 So.2d 174, 177 (Ala.Cr.App. 1992) (emphasis added). It is not necessary that the officer's recognition of wrongdoing be made beyond a reasonable doubt, but only that the recognition satisfy a probable cause requirement. Herrin v.State, 349 So.2d 103 (Ala.Cr.App. 1977), cert. denied, Ex parteHerrin, 349 So.2d 110 (Ala. 1977).
Although the State appears to have satisfied the first two prongs of the plain view exception to the warrant requirement, because the officer inadvertently observed the filing cabinet protruding from the trunk while seated in his patrol unit, the State has not shown that the officer immediately recognized the cabinet as contraband so as to supply probable cause. The State has shown only that the officer regarded the fact that the filing cabinet as in the trunk as peculiar. Thus, the State failed to satisfy the third prong of the "plain view exception" to a warrantless search. *Page 507 
In determining whether there is probable cause to search, the fact that contraband was ultimately discovered can not be considered to supply probable cause. Shipman v. State, 291 Ala. 484, 282 So.2d 700 (1973). The officer became aware of the burglary only as a direct result of his search of the filing cabinet. Because the search was unlawful, information as to the burglary, obtained here as fruits of the search, cannot be used to bolster probable cause for this search.
The burden is on the State to show that a warrantless search falls within one of the exceptions. Murray v. State,396 So.2d 125 (Ala.Cr.App. 1980), cert. denied, 396 So.2d 132 (Ala. 1981). The State did not meet this burden as to any of the exceptions offered to this court.
 III. Standing
The State did not raise its claim that Ivey lacked standing to challenge the search at the trial court level; therefore that claim is not preserved for review. Cook v. State,574 So.2d 905 (Ala.Cr.App. 1990); Hopkins v. State, 661 So.2d 774
(Ala.Cr.App. 1994).
AFFIRMED.
All judges concur.
[1] The State appealed the trial court's order granting Ms. Compton's motion to suppress certain evidence. This court upheld the trial court's order. State v. Compton, [Ms. CR-96-0073, June 20, 1997], ___ So.2d ___ (Ala.Cr.App. 1997).