KELLUM, Judge.
The appellant, James Michael West, Jr., pleaded guilty to one count of trafficking in cocaine, a violation of § 13A-12-231, Ala.Code 1975. The trial court sentenced West, as a habitual offender, to a term of life imprisonment and ordered West to pay a $50,000 fine, $500 to the Alabama Crime Victims Compensation Fund, a $2,000 Drug Demand Reduction Act assessment, and a $100 Department of Forensic Sciences assessment.
On April 30, 2009, a Houston County grand jury indicted West on one count of trafficking in cocaine. On May 4, 2009, West filed a motion to suppress on the ground that the warrantless search of his vehicle, in which the police discovered 117 grams of cocaine, was illegal because, he said, it was conducted without probable cause. In the suppression hearing held on October 5, 2009, the State presented the following evidence. On February 3, 2009, Sergeant Jim Holley and Officer Ray Mock of the Dothan Police Department were on patrol in the Omussee Road area of Dothan when they received a confidential tip that a white Nissan Titan truck being driven by a black male would soon be traveling on Omussee Road on its way from Georgia and that it was carrying a large quantity of cocaine. No additional information about the suspect, the vehicle, or the suspect’s anticipated movements or activities was supplied by the informant. Officer Mock testified that the person providing the tip was not a known, reliable informant.
*992 Less than an hour later, the officers saw a truck fitting the description provided by the informant driving in the opposite direction of the officers at a high rate of speed. Officer Mock did not use a radar gun to document the speed of the truck, but guessed that it was traveling approximately 70 miles per hour, which was above the posted speed limit. The officers began following the truck and observed the driver run a stop sign as he made a right turn onto Webb Road. The truck continued to drive over the posted speed limit on Webb Road, made two more turns, and eventually pulled into a driveway of a house, later determined to be West’s mother’s house. The officers, who were driving an unmarked police car, initiated the emergency lights right before the driver pulled into the driveway of the house. West got out of the truck and locked it. The two officers made contact with West and began asking him about speeding and running the stop sign. Officer Mock testified that West was breathing heavily and that his hands were shaking as he handed the officers his driver’s license. Officer Mock also noticed a bulge in West’s pocket, so Mock conducted a pat-down search for officer safety, but no weapons were found.
A check of West’s driver’s license indicated that he was on probation. West told the officers that he was on probation for drug charges. The officers then asked West if they could search his car, but West would not give his consent to a search. The officers called Corporal Chad Kinney and asked him to bring a narcotics-detecting dog to the scene. Corporal Kinney and the canine arrived soon thereafter, at which point the dog indicated to the officers that drugs were present in the vehicle. The officers searched the truck and found four clear, plastic bags filled with a white powder that appeared to be cocaine between the front passenger seat and the door. A field test indicated that the substance in the plastic bags was in fact cocaine. The officers detained West and read him his Miranda[1] rights. West waived those rights and made a statement to police admitting that he had purchased the cocaine in another state for $4,000 with the intention of reselling it.
At the conclusion of the hearing, the trial court denied West’s motion to suppress. The Court explained:
“THE COURT: I think, with the traffic violations, that gives them their reasonable suspicion to stop him. And then I think that they’re entitled to a reasonable period of time in which to get a drug dog out to further investigate the stop, which is what they did.
“I agree you can’t use the reliability of this informant to make this case. That’s for future potential cases, not this case. Can’t use the fact that he declined to consent to a search against him, either. But, for the other reasons, I’ll deny the motion.”
(R. 81-82.) After reserving the right to appeal the denial of his motion to suppress, West pleaded guilty to trafficking in cocaine. This appeal ensued.
On appeal, West argues that the trial court erroneously denied his motion to suppress the evidence found in West’s truck and the statements he made to police while in custody. Specifically, West contends that the police conducted a warrant-less search of his truck without probable cause.
In State v. Landrum, 18 So.3d 424 (Ala.Crim.App.2009), this Court explained:
“ ‘This Court reviews de novo a circuit court’s decision on a motion to suppress evidence when the facts are not in dis *993 pute. See State v. Hill, 690 So.2d 1201, 1203 (Ala.1996); State v. Otwell, 733 So.2d 950, 952 (Ala.Crim.App.1999).’ State v. Skaggs, 903 So.2d 180, 181 (Ala.Crim.App.2004). In State v. Hill, 690 So.2d 1201 (Ala.1996), the trial court granted a motion to suppress following a hearing at which it heard only the testimony of one police officer. Regarding the applicable standard of review, the Alabama Supreme Court stated, in pertinent part, as follows:
“ ‘ “Where the evidence before the trial court was undisputed the ore tenus rule is inapplicable, and the Supreme Court will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court’s application of the law to those facts.” Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980) (citations omitted). The trial judge’s ruling in this case was based upon his interpretation of the term “reasonable suspicion” as applied to an undisputed set of facts; the proper interpretation is a question of law.’
“State v. Hill, 690 So.2d at 1203-04.”
18 So.3d at 426. Because the evidence presented at the suppression hearing is not in dispute, the only issue before this Court is whether the circuit court correctly applied the law to the facts presented at the suppression hearing, and we afford no presumption in favor of the circuit court’s ruling.
This Court has recognized that a traffic stop is “ ‘ “more analogous” to the brief investigative detention authorized by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)’ ” than to custody traditionally associated with a felony arrest. Sides v. State, 574 So.2d 856, 858 (Ala.Crim.App.1990), quoting Pittman v. State, 541 So.2d 583, 585 (Ala.Crim.App.1989), quoting in turn Berkemer v. McCarty, 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). In stopping a vehicle for a traffic violation, a police officer has, in Fourth Amendment terms, seized the driver, Cains v. State, 555 So.2d 290, 292 (Ala.Crim.App.1989), quoting Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). “Under Terry [v. Ohio, 392 U.S. 1 (1968) ], law-enforcement officers may stop a vehicle for investigatory purposes based on a traffic violation. State v. Rodgers, 903 So.2d 176, 178 (Ala.Crim.App.2004).” J.T.C. v. State, 990 So.2d 444, 447 (Ala.Crim.App.2008).
Furthermore, in Illinois v. Caballes, 543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005), the United States Supreme Court stated:
“[T]he use of a well-trained narcoties-detection dog — one that ‘does not expose noncontraband items that otherwise would remain hidden from public view,’ [United States v.] Place, 462 U.S. [696] at 707 [ (1983) ] — during a lawful traffic stop, generally does not implicate legitimate privacy interests. In this ease, the dog sniff was performed on the exterior of respondent’s car while he was lawfully seized for a traffic violation. Any intrusion on respondent’s privacy expectations does not rise to the level of a constitutionally cognizable infringement.”
543 U.S. at 409, 125 S.Ct. 834. See also Seeley v. State, 669 So.2d 209, 212 (Ala.Crim.App.1995) (“Likewise, the ‘sniff test’ by the narcotic detection dog did not come within the protection afforded by the Fourth Amendment.”).
Here, the relevant inquiry is whether an investigatory detention was justified and whether the detention was unreasonably long. West was lawfully detained by the police officers who witnessed him commit various traffic violations; thus, the officers were justified in carrying out *994 an investigatory detention. The record does not indicate that the detention was so prolonged that it became unconstitutional. Officer Mock testified that Officer Kinney arrived on the scene with a narcotics-detecting dog shortly after he was contacted by Officers Holley and Mock. Once the dog indicated the presence of narcotics, the officers then had probable cause to search West’s truck. See State v. Montgomery, 968 So.2d 543, 552 (Ala.Crim.App.2006) (“[A]n alert by a trained drug-sniffing dog provides probable cause to search without a warrant.”). Accordingly, the trial court properly denied West’s motion to suppress.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).