WELCH, Judge,
dissenting.
The majority applies a de novo standard of review and holds that the trial court erred when it found that the State failed to prove that R.C. voluntarily, knowingly, and intelligently waived his Fifth Amendment rights before he gave his inculpatory statement. I believe that the trial court’s ruling is subject to review for an abuse of discretion and that, giving the trial court the discretion it is due, we should uphold its judgment. Therefore, I dissent.
R.C. sought suppression of a statement he gave a police officer in which he said that he and another person fired shots at the victim and that the victim was killed as a result. The State acknowledged that, if the trial court suppressed the statement, the prosecution could not proceed. Specifically, the prosecutor stated: “[Tjhere is definitely a situation because we can’t prove the case based solely on the Co-Defendant[’s] testimony — .” (R. 10.)
“ ‘It has long been the law that a confession is pnma facie involuntary and inadmissible, and that before a confession may be admitted into evidence, the burden is upon the State to establish *325 voluntariness and a Miranda predicate.’ Waldrop v. State, 859 So.2d 1138, 1155 (Ala.Crim.App.2000), aff'd, 859 So.2d 1181 (Ala.2002). To establish a proper Miranda predicate, the State must prove that ‘the accused was informed of his Miranda rights before he made the' statement’ and that ‘the accused voluntarily and knowingly waived his Miranda rights before making his statement.’ Jones v. State, 987 So.2d 1156, 1164 (Ala.Crim.App.2006).”
Wilkerson v. State, 70 So.3d 442, 460 (Ala.Crim.App.2011).
R.C. argued, in part, that his statement should be suppressed because, he said, he could not adequately read or understand the English language and that, therefore, he did not understand the Miranda warnings as they were given to him. or the waiver he signed. The majority states that de novo review is appropriate because the police officer was the only witness at the suppression hearing and because, it says, the testimony was not disputed. I agree that the police officer’s testimony about the underlying facts of his investigation of the case and of his interrogation were undisputed. However, in addition to that testimony, the State introduced into evidence a videotape of the interrogation, and the officer was questioned about a transcript of the interrogation and about his interpretation of some of R.C.’s answers that conflicted with the transcript.[7] For example, the officer testified that the transcript reflected that, when he asked R.C. whether he understood the Miranda rights, R.C.’s response was “inaudible.” (R. 25.) The officer further testified that when he explained the statements on the Miranda waiver form that included an assertion that R.C. did not want to speak to an attorney, parent, or guardian and he then asked R.C. whether those statements were true, the transcript again showed that R.C.’s response was “inaudible.” (R. 26.) The officer testified, however, that the transcriptionist could not discern a response from only the audio recording of the interrogation and, he said, “I’m looking face to face with him. She may not understand but I’m looking at the person I’m speaking to. Sometimes people acknowledge by a nod.” (R. 38.) Furthermore, the prosecutor asked: “And based on his body language and based on his verbal comments, what was your opinion regarding his understanding of those rights?” (R. 53-54.) The officer replied, “That he understood everything that was being talked about.” (R. 54.)
Even though the officer was the only witness, the videotape was admitted into evidence and portions of the transcript of the interrogation were reviewed and questions related to that transcript were raised. Therefore, the trial court’s ruling was based on a combination of factors, including its evaluation of the officer’s interpretations of R.C.’s answers and conduct when compared to the video and the transcript. The trial court was in a better position than is this Court to evaluate all that evidence, taking into account the credibility and probative value of the officer’s testimony, particularly as the testimony compared to the transcript of the interrogation.
“Even where the matter rests upon the testimony of only one witness, the trier of fact is free to accept or reject the witness’s statements. Where inferences to be drawn from the evidence are susceptible to more than one rational conclusion, the decision is for the factfin-der. Willcutt v. State, 284 Ala. 547, 226 So.2d 328 (1969). This court will not interfere when the evidence tends to *326 support the- factual finding. Simmons v. State, 428 So.2d 218 (Ala.Crim.App.1983). Although only one witness testified, his testimony was not free of dispute.”
State v. Ivey, 709 So.2d 502, 505 (Ala.Crim.App.1997).
Based on the foregoing, I believe the trial court’s judgment must be reviewed for an abuse of discretion.
This Court has held:
“ ‘In reviewing a trial court’s ruling on a motion to suppress, this Court reviews the trial court’s findings of fact under an abuse-of-discretion standard of review. “When evidence is presented ore tenus to the trial court, the court’s findings of fact based on that evidence are presumed to be correct,” Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994); “[w]e indulge a presumption that ^he trial court properly.ruled on the weight and proba-five force of the evidence,” Bradley v. State, 494 So.2d 750, 761 (Ala.Crim.App.1985), aff'd, 494 So.2d 772 (Ala.1986); and we make.“ ‘all the reasonable inferences and credibility choices supportive of the decision of the trial court.’ ” Kennedy v. State, 640 So.2d 22, 26 (Ala.Crim.App.1993), quoting Bradley, 494 So.2d at 761. “[A]ny conflicts in the testimony or credibility of witnesses during a suppression hearing is a matter for resolution by the trial court. ... Absent a gross abuse of discretion, a trial, court’s, resolution of [such] con-fiict[s] should not be reversed on appeal.” Sheely v. State, 629 So.2d 23, 29 (Ala.Crim.App.1993) (citations omitted).’ ”
C.B.D. v. State, 90 So.3d 227, 237 (Ala.Crim.App.2011), quoting State v. Hargett, 935 So.2d 1200, 1203-04 (Ala.Crim.App.2005) (emphasis added). “‘“‘A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or'where the record contains no evidence on which he rationally, could have based his decision.””” Hodges v. State, 926 So.2d 1060, 1072 (Ala.Crim.App.2005), quoting State v. Jude, 686 So.2d 528, 530 (Ala.Crim.App.1996), quoting in turn Dowdy v. Gilbert Eng’g Co., 372 So.2d 11, 12 (Ala.1979), quoting in turn Premium Serv. Corp. v. Sperry & Hutchinson, Co., 511 F.2d 225 (9th Cir.1975).
Resolution of this issue required the trial court’s consideration of the videotape of the interrogation and the officer's testimony about his actions, but, just as importantly, it required consideration of the officer’s observations and opinions about what R.C. might have understood regarding his rights and the waiver of those rights— factors this Court cannot evaluate solely from the videotape and the transcript of the officer’s testimony. The majority has usurped the trial court’s authority to evaluate the combined evidence and to determine whether R.C. voluntarily, knowingly, and intelligently waived • his Miranda rights.
The evidence presented at the hearing was “susceptible to more than one rational conclusion,” State v. Ivey, 709 So.2d at 505, and because the trial court’s conclusion was based on the combination of evidence discussed above, it cannot be said that the record is devoid of evidence on which the court rationally could have based its decision. Therefore, the trial court did not abuse its discretion when it granted R.C.’s motion to suppress.
For the foregoing reasons, I respectfully dissent.

. The transcript of the interrogation was not admitted into evidence.