WELCH, Judge.
James David Rice, Jr., appeals from his conviction, pursuant to a guilty plea, for possession of a controlled substance—cocaine—a violation of § 13A-12-212, Ala. Code 1975. The trial court sentenced Rice to a term of 24 months in prison, then suspended the sentence and placed Rice on supervised probation for 18 months. Rice reserved for appeal his claim that the trial court erred when it denied the motion to suppress, in which he challenged the search of his vehicle that resulted in the discovery of cocaine.
Detective George Long with the Alexander City police department testified at the suppression hearing that he saw Rice back his vehicle up completely through an intersection that had a four-way stop. Detective Long stated that after he drove his patrol car through the intersection, he pulled to the side of the road and Rice drove past him. Detective Long then initiated a traffic stop. Detective Long further testified:
“At that time, I get out of my vehicle. I go up to the driver’s side vehicle. As I’m talking to the driver, I can tell he’s real nervous. I’m asking for his driver’s license, proof of insurance. And the driver turns out to be Mr. David Rice.
“Whenever he was getting his insurance papers and his driver’s license to hand me, his hand was shaking. He was very, very nervous. You could tell. I asked Mr. Rice to get out of the vehicle for me and step to the rear. I asked him while I was talking to him was there anything in the vehicle that I needed to know about, because you’re awful nervous just to be talking with me. And he said, ‘No, there’s nothing in the vehicle.’ And so I’m going to pat you down for my safety, and I had him put his hands up on top of the vehicle.
“As I pat him down, I come to his right front pocket, and I felt something that was about the size of a half dollar. It was real soft. And I asked him, I said, Mr. Rice, what’s that? And he dropped his head and he said, ‘Cocaine.’ So whenever I pulled it out, it was a bag about like this right here full of cocaine. I arrested Mr. Rice for possession of a controlled substance.... ”
(R. 4-5.)
On cross-examination, defense counsel questioned Detective Long about whether he had any particularized reason to believe Rice was armed:
“Q. Did he give you any indication that he was armed and dangerous at any time?
“A. Most of them don’t give you an indication.
“Q. Well, I understand. But you said he was nervous, but a lot of people are nervous when you pull them over, correct?
*1198 “A. Right. But for my safety and him being as nervous as he was.
“Q. Right.
“A. I mean, you can’t even tell if the guy has got a gun down in his—
“Q. Sure.
“A. I want to use all precautions necessary to protect myself, and so I did. I did pull him out of the vehicle because of the way he was acting. He had—his speech, he could barely get any words out because he was nervous. I didn’t know if he was trying to hide something or if he had something on him.
“Q. But, when you got him out, again the only thing that you had going for—to indicate that there was anything problematic is you saw him run a stop sign, essentially?
“A. Correct.
“Q, And you knew he was nervous?
“A. Um-hum.
“Q, You had no reason to believe he was armed, though, did you?
“A. You never know.
“Q. Can you tell me any reason? Do you have any—can you say any reason, any particularized reason to believe that he was armed?
“A. Other than just him showing the signs of being nervous, you know, because of the traffic stop.”
(R. 8-9.)
Detective Long further acknowledged that he had no indication that, before the traffic stop, Rice had been engaged in criminal activity, and he acknowledged again that, but for Rice’s nervousness, he had no reason to believe that he was armed and dangerous. Detective Long then volunteered, “90 percent of the cops that get shot don’t know the person is armed and dangerous, you know.” (R. 10.)
At the conclusion of Detective Long’s testimony, defense counsel argued to the trial court that Grantham v. City of Tuscaloosa, 111 So.3d 174 (Ala.Crim.App.2012), holds that an investigatory stop and patdown search must be based on specific, reasonable inferences from the circumstances that he is entitled to draw based on the facts and in light of his experience, but it cannot be based on an unparticular-ized suspicion or hunch. He further argued that Alabama law holds that, in a routine traffic stop or when a driver is nervous, the officer must be able to articulate his reasons for believing that the driver is armed.
After defense counsel presented his argument to the trial court, Detective Long stated:
‘Your Honor, I do want to say there is no traffic stop that’s routine. We’ve learned that throughout the years. If that was so, then officers wouldn’t be getting killed out here on the street. Whenever a person shows signs of being as nervous as he was, it shows signs of there is something else there. It goes beyond the scope of the traffic stop.”
(R. 11-12.)
The trial court denied the motion to suppress.
Rice argues that the trial court erred when it denied his motion to suppress. He argues, as he did in the trial court, that the search of his person was unconstitutional because it was based solely on his nervousness.
The facts in this case are not in dispute. Therefore, our review of the trial court’s decision denying Rice’s motion to suppress is de novo, and there is no presumption in favor of the trial court’s ruling. E.g., State v. Hill, 690 So.2d 1201, 1203 (Ala. *1199 1996); State v. Landrum, 18 So.3d 424 (Ala.Crim.App.2009). The only issue before this Court is whether the trial court correctly applied the law to the facts that were presented at the suppression hearing. We do not think it did, and we reverse the judgment.
Evidence is inadmissible if it was obtained by a search conducted in violation of the Constitution of the United States. E.g., Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). In Terry v. Ohio, 392 U.S. 1, 24, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court stated: “[W]e cannot blind ourselves to the need for law enforcement officers to protect themselves and other prospective victims of violence in situations where they may lack probable cause for an arrest.” Faced with concerns over the intrusion on individual rights and the need for officers to take action based on the circumstances presented during their contact with private citizens, the Terry Court held:
“Our evaluation of the proper balance that has to be struck in this type of case leads us to conclude that there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. Cf. Beck v. State of Ohio, 379 U.S. 89, 91 (1964); Brinegar v. United States, 338 U.S. 160, 174-176 (1949); Stacey v. Emery, 97 U.S. 642, 645 (1878). And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unpartic-ularized suspicion or ‘hunch, ’ but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.”
392 U.S. at 27 (footnote omitted; emphasis added).
In State v. Odom, 872 So.2d 887 (Ala. Crim.App.2003), this Court explained that, when reviewing whether an officer had a reasonable suspicion for a patdown search, courts must consider the totality of the circumstances to determine whether the detaining officer had a particularized and objective basis for suspecting wrongdoing. 872 So.2d at 890, quoting United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), in turn quoting United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). Law-enforcement officers are allowed to draw on their own training and experience, and their decisions might be made on information not apparent to a layperson. Arvizu, 534 U.S. at 273, quoting Cortez, 449 U.S. at 418.
The State argues that the patdown search was reasonable because, it says, “Detective Long was sufficiently concerned by the degree of Rice’s nervousness to feel the limited intrusion of a pat down for weapons was necessary for his safety,” and that “[t]he pat down was justified and shows no inappropriate action establishing a constitutional violation that would invoke the severity of the exclusionary rule.” (State’s brief, at p. 9.) We disagree.
Detective Long testified repeatedly that his sole reason for conducting the patdown search was that Rice was very nervous during the traffic stop. He acknowledged *1200 that he did not see any indication that Rice had been involved in any criminal activity other than the traffic violation, and he testified that, other than Rice’s being nervous, he had no reason to believe Rice was armed and dangerous. This Court has held that nervousness, alone, in the presence of a police officer does not establish reasonable suspicion that a person is engaged in criminal activity. See State v. Washington, 623 So.2d 392, 398 (Ala.Crim.App.1993), and cases cited therein.
Detective Long’s testimony demonstrates that he had no specific facts that would support a finding that he was justified in believing that Rice was armed and presently dangerous. Rather, his testimony that, when a person shows signs of being as nervous as Rice was during a traffic stop, then “something else” is there, established that his decision to conduct the patdown search was based on an unpartic-ularized suspicion or hunch, rather than the particularized and objective basis that Terry requires for a patdown search. See Grantham v. City of Tuscaloosa, 111 So.3d 174 (Ala.Crim.App.2012); Smith v. State, 19 So.3d 912 (Ala.Crim.App.2009). “The purpose of this limited search [pursuant to Terry ] is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence.... So long as the officer ... has reason to believe that the suspect is armed and dangerous, he may conduct a weapons search limited in scope to this protective purpose.” Adams v. Williams, 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), citing Terry, 392 U.S. at 30 (footnote omitted).
Based on the totality of the circumstances, we hold that the search here exceeded the scope of a permissible Terry patdown and that the trial court erred when it denied Rice’s motion to suppress the evidence seized from his person.
For the foregoing reasons, the judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.